[No. 31978. Department Two. February 21, 1952.]

THE STATE OF WASHINGTON, *Plaintiff*, v. JOHN E. LYDON, *Defendant and. Relator*.[1]

*Christ D. Lillions*, for relator.

*Charles O. Carroll* and *F. A. Walterskirchen*, for respondent.

PER CURIAM.—January 12, 1950, relator was charged with the crime of grand larceny by information filed in the superior court for King county, criminal cause No. 25728.

March 13, 1950, relator, through his attorney, filed a motion to dismiss the charge based on Art. I, §§ 10 and 22 of the Washington state constitution, and on Rem. Rev. Stat., § 2312 [P.P.C. § 120-15].

March 16, 1950, the prosecuting attorney answered the motion to dismiss, alleging, among other matters, that defendant had requested that arraignment be delayed until

[1]Reported in 241 P. (2d) 202.

March 17, 1950, and that the delay in bringing the case to trial had been at the defendant's request.

March 20, 1950, the motion to dismiss the criminal charge was denied and exception was allowed. No appeal was taken.

March 25, 1950, the relator filed in the larceny cause a motion for a bill of particulars, a motion to make the information more definite and certain, and a demurrer to the information. These matters were not noted for argument by either side.

May 31, 1951, the relator filed his second motion for dismissal for want of prosecution. Thereafter, each party by affidavits and counter affidavits, supporting their respective contentions, alleged and denied an agreement made in March of 1950, between the relator and the prosecuting attorney, wherein the prosecuting attorney, at the request or consent of the relator, agreed not to try the criminal charge until certain civil actions connected therewith were terminated.

November 13, 1951, an order was entered denying the motion to dismiss the criminal complaint on the finding that ". . . the delay in proceeding with the prosecution herein was at the request or with the approval of the defendant herein." The order also provided that the case be noted for trial within ten days or the information dismissed.

November 28, 1951, relator filed in this court his application for a writ of certiorari, alleging that the superior court had exceeded its jurisdiction in denying the motion for a dismissal.

■ The order denying the motion to dismiss must be affirmed. As was pointed out in *State v. Lester*, 161 Wash. 227, 296 Pac. 549:

"The inquiry is always, was the delay caused wholly by the act of the state, or was it caused wholly by the act of the defendant or by some act to which he consented. In the first of the instances, the defendant is entitled to a dismissal as a matter of right. In the others, he is not."

The affidavits of the prosecuting attorney, and the delay on the part of the relator between the filing of the demurrer

and motions in the larceny cause and his second motion to dismiss, support the finding of the trial court that the delay was incurred at the request, or with the consent, of the relator.

 Furthermore, we feel that the relator must be deemed to have waived his right under the constitution to a speedy trial, since it nowhere appears that he demanded a speedy trial. *State ex rel. James v. Superior Court*, 32 Wn. (2d) 451, 202 P. (2d) 250.

The order under review is affirmed.