[No. 66-40490-1.   Division One.   November 24, 1969.]
Panel 2

THE STATE OF WASHINGTON, *on the Relation of Eugene W. Everson, Appellant,* v. AIRPORT DISTRICT JUSTICE *Court et al., Respondents.*

*John F. Raymond,* for appellant.

*Charles O. Carroll, Prosecuting Attorney,* and *Darrell E. Lee, Deputy,* for respondents.

STAFFORD, J.—This is an appeal from an order denying an application for a writ of mandamus.

Eugene Everson was charged with driving while under the influence of alcohol or drugs. The matter came on for hearing as one of several cases set on the afternoon calendar of the Airport District Justice Court.

When the case was called for trial at 1:30 p.m. the state orally moved for an hour's continuance to locate a key witness who had not been subpoenaed. Everson moved to dismiss the action, asserting there had not been a showing of due diligence to obtain the witness's appearance.

The court moved the case down one position on the calendar and called the next matter. The court ruled that Everson's motion would be granted if the state failed to proceed by the end of the substituted case. Thereafter, a state trooper used the court's telephone to locate the witness and the clerk of the court issued a subpoena which was served on the witness upon arrival at the courtroom.

The state was ready to proceed when the case was called at 3 p.m. The motion to dismiss was denied. Everson was granted a continuance and applied to the superior court for a writ of mandamus to compel the justice court to dismiss the action. He has appealed from a denial of the writ.

Everson contends the justice court should have denied the state's oral motion for a continuance. He argues that it failed to comply with RCW 4.44.040 which requires such motions to be made upon an affidavit showing due diligence. Even if we were to assume the court granted a "continuance," the statute does not apply. A more informal procedure is authorized in justice court. Motions for continuance, either *oral* or in writing may be granted for good cause. JCR 7 and JCrR 3.08.

■ Everson's attorney acknowledged, in argument before this court, the justice court's docket did not support his assertion that a "continuance" was granted. We agree. The court's act of changing the order of hearing between two of several causes on the afternoon's calendar was not a "continuance." It was within the court's discretion to change the sequence of hearing matters assigned to the daily calendar. *Juch v. Hanna,* 11 Wash. 676, 40 P. 341 (1895). Everson does not assert that the court abused its discretion in this regard. We need consider the matter no further. CAROA 43. The assignment of error is not well taken.

Everson maintains he was denied the right to a speedy trial authorized by Const. art. 1, § 22 (amendment 10). He has cited no case to support the proposition that the short delay was ipso facto a denial of his right to a speedy trial. Our research has disclosed none.

342

■ The minor change in the sequence of hearing the daily calendar delayed Everson's case. There is no showing, however, that the delay was unreasonable, oppressive, arbitrary or prejudicial. *State v. Alter,* 67 Wn.2d 111, 406 P.2d 765 (1965). Everson was not denied a speedy trial as contemplated by the Washington State Constitution.

■ Finally, it is urged that Everson was denied due process of law. No cases have been cited to support the argument. Where no authority is cited the court need not consider the argument unless it is meritorius on its face. *State v. Brewster,* 75 Wn.2d 137, 449 P.2d 685 (1969), *Seattle v. Schaffer,* 71 Wn.2d 600, 430 P.2d 183 (1967). We have reviewed the record and find no support for the contention.

The trial court is affirmed.

HOROWITZ, A. C. J., and UTTER, J., concur.

Petition for rehearing denied December 22, 1969.