[Nos. 1289-2; 1290-2. Division Two. April 3, 1975.]

THE STATE OF WASHINGTON, *Respondent*, v. KEVIN SAMPLE, *Appellant*.

THE STATE OF WASHINGTON, *Respondent*, v. JOSEPH BERGER, *Appellant*.

[3]See note 1, *supra*.

*Edward G. Holm* (of *Mooney, Cullen & Holm*), for appellants.

*Byron E. McClanahan, Prosecuting Attorney,* and *Gary Burleson, Deputy,* for respondent.

PETRIE, A.C.J.—Kevin Sample and Joseph Berger were residents at the Washington Corrections Center at Shelton. They escaped therefrom and on September 14, 1973, they were recaptured and returned directly to the center by two members of the Mason County Sheriff's Department. By an information filed October 3, 1973, they were charged with having committed the crime of escape. The next day they entered pleas of not guilty. Trial commenced on December 3, 1973, and by jury verdict they were found guilty of the crime charged.

Alternative motions for new trial or in arrest of judgment were denied and sentence was pronounced upon each of them. The only issue presented by their appeals is whether or not they were denied the right of a speedy trial.

Criminal rules recently promulgated by the Washington State Supreme Court are much more stringent in the matter of guaranteeing speedy trial than are the appropriate provisions of either the state or federal constitutions. *See State v. Williams,* 85 Wn.2d 29, 530 P.2d 225 (1975). *Compare State v. Johnson,* 79 Wn.2d 173, 483 P.2d 1261 (1971); *Barker v. Wingo,* 407 U.S. 514, 33 L. Ed. 2d 101, 92 S. Ct. 2182 (1972); *State v. Rock,* 8 Wn. App. 116, 504 P.2d 331 (1972).

The defendants were "brought to trial within 60 days following [their] preliminary appearance."[1] Hence, they are not entitled to have the charges against them dismissed with prejudice solely because of the 60-day rule.[2]

Essential to their position on appeal is their contention that the 60-day rule and the preliminary appearance rule[3] must be read together in order to ascertain the true intent of the court in promulgating the "speedy trial" portions of the new criminal rules. Under an appropriate factual setting their position might be well taken if presented to us in a proper posture. However, their position on appeal contains two defects, either of which is fatal to their contention that the charges against them should have been dismissed with prejudice.

■ We hold first that an escaped felon recaptured and returned to the place from which he escaped is not "Any person arrested for any offense" as contemplated by JCrR 2.03(a)(1). He is simply and solely an escaped felon subject to immediate recapture pursuant to RCW 9.31.090.[4] Whether or not he will thereafter be "accused" of having committed the crime of escape is a decision to be made by the local prosecuting attorney. Not until then, at least, is he

---

[1]CrR 3.3(c) provides:

"Criminal trials shall take precedence over civil. A defendant unable to obtain pretrial release shall have priority and the charge shall be brought to trial within 60 days following the preliminary appearance."

[2]CrR 3.3(f) provides:

"A criminal charge not brought to trial as required by this rule shall be dismissed with prejudice."

[3]JCrR 2.03(a)(1) provides:

"Any person arrested for any offense, including capital cases and other felonies and not released shall be taken without unnecessary delay before a judge. The term 'without unnecessary delay' means as soon as practically possible. In any event, delay beyond the close of business of the judicial day next following the day of arrest shall be deemed unnecessary. The court may, for good cause shown and recited in the order, enlarge the time prior to preliminary appearance."

[4]RCW 9.31.090 provides:

"Every person in custody, under sentence of imprisonment for any crime, who shall escape from custody, may be recaptured and imprisoned for a term equal to the unexpired portion of the original term."

entitled to all the panoply of rights of the judicial system which guarantee him a speedy trial.[5] *See United States v. Marion*, 404 U.S. 307, 30 L. Ed. 2d 468, 92 S. Ct. 455 (1971).

Secondarily, we note that neither Sample nor Berger made any motion prior to trial to have the charges against them dismissed with prejudice because they had not been granted a speedy trial. Language in *State v. Williams, supra,* although not necessary to the decision in *Williams,* indicates that failure to move for dismissal with prejudice may result in waiver of a defendant's right to dismissal pursuant to CrR 3.3(f) even though he is not brought to trial within the time period prescribed by CrR 3.3(c). Whether or not these defendants relinquished a known right prior to trial was a matter for the trial court to determine in the first instance. Certainly, on the record before us, we cannot say that the trial court committed error by denying the defendants' post-trial motions in arrest of judgment.

Judgment affirmed.

PEARSON, J., and RUMMEL, J. Pro Tem., concur.

Petition for rehearing denied May 12, 1975.

Review granted by Supreme Court July 29, 1975.

---

[5]We express no opinion, of course, as to a situation where the prosecuting officials wait until the defendant is about to be released from confinement before filing a subsequent information charging the crime of escape.