[No. 3015-1.    Division One.    September 8, 1975.]

THE STATE OF WASHINGTON, *Appellant*, v. NATHANIEL L. GOLDTHORPE, *Respondent.*

*Robert E. Schillberg, Prosecuting Attorney,* and *Randolph Furman, Deputy,* for appellant.

*Peter G. Rothschild* of *Snohomish County Public Defender*, for respondent.

WILLIAMS, C.J.—On February 14, 1974, Nathaniel L. Goldthorpe was arrested for grand larceny and placed in the Snohomish County jail. Later that day, he was taken to district court, advised of the charge against him, and held to $10,000 bail. A copy of the information charging him with grand larceny was served upon him the following day. On February 27, Goldthorpe pleaded not guilty in superior court. At an omnibus hearing on March 8, trial was set, without objection, for April 16, 61 days after Goldthorpe's appearance in district court. On the afternoon of April 15, Goldthorpe, who had been unable to obtain pretrial release, served the prosecutor with a motion and affidavit to dismiss the charge with prejudice because he was not being brought to trial within the 60 days specified in CrR 3.3(c). On the following morning, the court granted the motion, dismissing the charge with prejudice. The State appeals.

CrR 3.3 provides, in part:

(a) **Responsibility of Court.** It shall be the responsibility of the court to ensure to each person charged with crime a speedy trial in accordance with the provisions of this rule.

. . .

(c) **Priority Over Civil Cases.** Criminal trials shall take precedence over civil. A defendant unable to obtain pretrial release shall have priority and the charge shall be brought to trial within 60 days following the preliminary appearance.

. . .

(f) **Dismissal With Prejudice.** A criminal charge not brought to trial as required by this rule shall be dismissed with prejudice.

The rule is imperative. *State v. Williams*, 85 Wn.2d 29, 530 P.2d 225 (1975).

The State contends that Goldthorpe's preliminary appearance was February 15, the day the formal information was served. Goldthorpe was arrested for grand larceny

on February 14 and taken before a judge the same day. JCrR 2.03 (a) governs:

**(a) Preliminary Appearance.**

(1) Any person arrested for any offense, . . . and not released shall be taken without unnecessary delay before a judge. . . .

(2) The judge shall inform the person of the crime for which he is arrested and of the rights of a person charged with a crime and shall provide for pretrial release . . .

The start-up of the time limit was February 14 when Goldthorpe appeared in district court on the charge, and the terms of his pretrial release were set.

■ The State also contends the 1-day delay, which it says resulted from a mere clerical mistake in calculation, did not prejudice Goldthorpe who waived his objection by not asserting his right to a speedy trial until the 60th day. This contention is answered in *State v. Williams, supra* at 32:

A showing of prejudice to the defendant is unnecessary. . . . The doctrine of waiver, formerly applied by this court . . . is not entirely abrogated. The defendant must move for dismissal prior to going to trial.

(Citations omitted.)

Finally, the State argues that the trial court erred in refusing to continue the case to April 16 under the authority of CrR 3.3 (e) (3), which reads:

The court on its own motion may continue the case when required in the due administration of justice and the defendant will not be substantially prejudiced in the presentation of his defense.

Article 1, section 10 of the Washington State Constitution requires that accused persons be brought to trial without unnecessary delay, *State v. Harp*, 13 Wn. App. 273, 534 P.2d 846 (1975); article 1, section 22 (amendment 10), gives accused persons the right to a speedy trial.

From the point of view of the public, a speedy trial is necessary to preserve the means of proving the charge, to

maximize the deterrent effect of prosecution and conviction, and to avoid, in some cases, an extended period of pretrial freedom by the defendant during which time he may flee, commit other crimes, or intimidate witnesses.

Approved Draft of the ABA Standards Relating to Speedy Trials, *Commentary* at 10 (1967).

In promulgating CrR 3.3, the Supreme Court exercised its rule making power (*State v. Smith*, 84 Wn.2d 498, 527 P.2d 674 (1974)) in aid of the constitutional provisions that there be prompt disposition of criminal cases. The trial court applied the rule as it is written. There is no error.

Affirmed.

CALLOW and ANDERSEN, JJ., concur.

Petition for rehearing denied November 10, 1975.

Review by Supreme Court pending June 10, 1976.