[No. 1740-2. Division Two. April 30, 1976.]

THE STATE OF WASHINGTON, *Respondent*, v. JIMMIE LEON COUTLEE, *Appellant*.

*Nathan G. Richardson,* for appellant.

*Craig Ritchie, Prosecuting Attorney,* for respondent.

PETRIE, C.J.—Jimmie Leon Coutlee was convicted of second-degree murder and second-degree assault. He appeals from the judgment and sentence thereafter imposed, contending in part that he was denied a speedy trial as required by CrR 3.3. We agree and direct dismissal of the information.

We encounter considerable difficulty in any attempt to reconstruct precisely the events which preceded defendant's pretrial motion to dismiss. The judge who denied the motion (not the same judge who ultimately presided at trial) cogently and candidly observed:

> I have allowed you to approach me in chambers and do things that should have been done in open court . . . no longer will there be any informal practice in the Judge's chambers. Everything will be done according to our Court Rules and the Criminal Court Rules.

Notwithstanding the unsatisfactory state of the record, the following fact pattern is discernible: Defendant was arrested on January 29, 1973, and arraigned 4 days later on February 2. Through retained counsel, he entered a plea of not guilty, and trial was set for May 22. Defendant posted $6,000 cash bail and was released from custody April 16, at which time defense counsel sought and, over the prosecutor's objection, was granted a continuance of trial until the fall 1973 term of court. The court indicated, "It will be some time toward the latter part of September."

Apparently a specific trial date was never set for September, but for reasons not reflected in the record, the matter was presented to the court on September 24. The clerk's minutes for that date indicate that trial was set for January 30, 1974. On December 28, upon approval by the prosecutor, the court permitted Mr. Coutlee to substitute an

unsecured appearance bond in the sum of $5,000 in lieu of a similar amount of the cash bail previously posted.

On January 7, at the prosecuting attorney's request and with defense counsel's express approval, the court ordered a trial continuance after finding the prosecutor had "shown good cause for a continuance." The clerk's minutes for that date recite in part:

New trial date set for May 14 through 16th 1974 at 9:30 A.M. Non-Jury.

At an omnibus hearing on May 7, 1974, the court expressed surprise that the defendant had waived a jury trial the previous January. Defense counsel contended at the omnibus hearing that the matter had been brought out in open court the previous January and no one had objected. When the court announced that a jury trial would be conducted, defense counsel, having prepared for a trial to the court, asked permission to "give some thought as to whether I can take care of this next week." The court concluded the hearing by declaring,

[I]n view of the posture of the case at this time I'll permit you [defense counsel] additional time if you need it, and I would like to know by tomorrow morning.

Ultimately October 8, 1974, was set as the trial date. We are left to speculate when or by whom the matter was noted for trial setting, but both parties advise us that the matter was not even noted until August.

On October 2 defendant moved for dismissal pursuant to CrR 3.3. The court, after hearing argument, concluded that defendant had not been prejudiced by the delay and denied the motion. Trial commenced on October 8, 1974.

The substantial intervals of unexplained delay during the 20 months between defendant's preliminary appearance and trial do not reflect happily upon any of the principal parties. For the last 15 of those months which preceded trial, CrR 3.3(b) defined a defendant's right to speedy trial quantitatively by providing that "A criminal charge shall be brought to trial within 90 days following the prelimi-

nary appearance." Failure to comply with this rule requires dismissal with prejudice. CrR 3.3(f).

■ ■ The State contends that CrR 3.3 was not abridged, because all trial continuances were either consented to by the defendant or in fact requested by him; thus they should be excluded in computing the time for trial pursuant to CrR 3.3(e)(1) and (2)[1]. Because the superior court record neither supports nor contradicts this contention we are bound to conclude that defendant did not consent to the unexplainable delays.

We are at a loss, for example, to determine why or at whose behest the May 1974 trial date was moved 5 *months* to October 1974. Although the record may suggest an inference, as the State urges, that this delay was requested by defense counsel on the day following the May hearing, absent a record which unequivocally demonstrates this period constituted an excusable CrR 3.3(e) continuance, we must indulge every reasonable presumption against defendant's waiver of his fundamental constitutional right to a speedy trial. *See State v. Williams*, 85 Wn.2d 29, 530 P.2d 225 (1975); *see also Johnson v. Zerbst*, 304 U.S. 458, 82 L. Ed. 1461, 58 S. Ct. 1019 (1938). In *State v. Williams, supra* at 32, the court succinctly stated:

> If continuances are necessary, they should be sought or entered upon formal motion, with the reasons therefor being made a matter of record.

Nor does a defendant waive his right to a speedy trial merely by failing to assert it. The admonition that a de-

---

[1] CrR 3.3(e)(1) and (2) read as follows:

"Continuances or other delays may be granted as follows:

"(1) On motion of the defendant on a showing of good cause.

"(2) On motion of the prosecuting attorney if:

"(i) the defendant expressly consents to a continuance or delay and good cause is shown; or

"(ii) the state's evidence is presently unavailable, the prosecution has exercised due diligence, and there are reasonable grounds to believe that it will be available within a reasonable time; or

"(iii) required in the due administration of justice and the defendant will not be substantially prejudiced. in the presentation of his defense."

fendant must demand a speedy trial or waive it, *State v. Lydon*, 40 Wn.2d 88, 241 P.2d 202 (1952), no longer applies. The responsibility for seeing that a criminal defendant is tried in accordance with CrR 3.3 lies squarely with the trial court. CrR 3.3 (a).

The State also argues that the informal procedures regarding continuances were justified by the provisions of CrR 1.3 (b), which provides:

> These rules also apply to any proceedings in court then pending . . . . except to the extent that *in the opinion of the court*, the former procedure should continue to be made applicable in a particular case in the interest of justice or because of infeasibility of application of the procedures of these rules.

(Italics ours.)

The State contends that the trial court exercised its discretion under this rule and decided to continue proceeding in a rather informal fashion. This circuitous argument suffers from the same infirmity as the State's first argument, *i.e.*, we have no way of knowing why the court continued to proceed as it had done before enactment of the rules, because these very procedures produced a record incapable of review.

> When the court exercises the discretion granted under these rules, it should make a record of its act and its reason, so that the matter can be subjected to appellate review if proper application is made.

*State v. Williams, supra* at 31, 32.

■ Finally, we note that the trial court erred in basing its denial of defendant's motion to dismiss on a finding that defendant had not been prejudiced by the delay. The 90-day rule expressed in CrR 3.3 (b) is imperative. A showing of prejudice is not a condition precedent to dismissal. *State v. Williams, supra* at 32.

We conclude that the charges were not brought to trial as required by CrR 3.3. The judgment is reversed with direction to dismiss the information.

PEARSON and REED, JJ., concur.

Petition for rehearing denied May 24, 1976.