[No. 3281-1. Division One. June 7, 1976.]

THE STATE OF WASHINGTON, on the Relation of John R. Rushmore, Appellant, v. BELLEVUE DISTRICT JUSTICE COURT, ET AL, Respondents.

---

*Anthony Schwab,* for appellant.

*Christopher T. Bayley, Prosecuting Attorney,* and *Jonathan B. Noll, Deputy,* for respondents.

JAMES, J.—On March 2, 1974, petitioner Rushmore was charged in Bellevue District Court with driving while under the influence of intoxicants. He petitioned for a "writ of review and order for dismissal" and obtained an order from the King County Superior Court which required the district court judge to show cause why the charges against him should not be dismissed. His appeal to this court is from the order denying his petition and vacating the order to show cause.

In his oral ruling, the trial judge stated that he considered the relevant facts to be that after the case was first set for trial, it was continued at the court's request; that Rushmore then asked for and was granted a continuance to August 14, 1974; that the court thereafter learned that the arresting officer would be on vacation and unavailable for trial on August 14; that on August 9, 1974, Rushmore received notice that the trial had been continued by the court to September 25, 1974; and that Rushmore appeared with counsel on August 14, at which time he protested the continuance and moved for a dismissal.

Rushmore contends that because he was "not brought to trial within 60 days from the date of appearance" as required by JCrR 3.08, the complaint against him should have been dismissed. In summary, his argument is that the sole basis for the continuance from the August 14 date was the "unverified hearsay claim of an intern that the state's witness was on vacation" and that, consequently, "good cause" as required by JCrR 3.08 was not shown. Rushmore

urges that under these circumstances, the district court judge's sua sponte continuance was an abuse of discretion.

Trial calendar control and management necessarily involves the exercise of judicial discretion. A trial judge's determination to change a trial date will not be disturbed on appeal in the absence of a showing of an abuse of discretion. *State v. Sutherland*, 3 Wn. App. 20, 472 P.2d 584 (1970). The trial date of August 14, 1974, was established at Rushmore's request. He therefore waived any right to dismissal of the charge by reason of the State's failure to try him within 60 days. JCrR 3.08. Further, there is no requirement that a motion for a continuance be in writing or supported by affidavits in view of the informal procedures authorized in justice courts. *See* JCR 7, JCrR 3.08, and *State ex rel. Everson v. Airport Dist. Justice Court*, 1 Wn. App. 340, 461 P.2d 551 (1969). When the trial judge learned that the arresting officer would be on vacation on that date, his decision to continue the matter was a reasonable exercise of judicial discretion.

Affirmed.

FARRIS and SWANSON, JJ., concur.

Petition for rehearing denied September 2, 1976.

Review denied by Supreme Court February 7, 1977.