[No. 5266–1. Division One. September 12, 1977.]

THE STATE OF WASHINGTON, *Respondent,* v. DANNY
MACK MARTIN, ET AL, *Petitioners.*

*Cogdill & Deno, Kent Millikan,* and *James E. Deno,* for
petitioners.

*Robert E. Schillberg, Prosecuting Attorney,* and *David
G. Metcalf, Deputy,* for respondent.

WILLIAMS, J.—Danny and Joyce Martin were charged by
information with the crimes of possession and sale of a
controlled substance, heroin, to which they pleaded not
guilty on June 5, 1974. Trial was initially set for June 26,
but was reset for August 12 to permit defense counsel to
prepare. Subsequently, for reasons not appearing in the
record, the case was stricken from the trial calendar and
not reset until February 21, 1975, when the trial date of
March 5 was assigned. After several continuances requested
by the State, the Martins, on August 17, 1975, moved to
dismiss because of the denial of their right to a speedy trial;
this motion was denied. After two more motions to dismiss
were denied, the Martins petitioned this court for relief.
We granted discretionary review.

The foregoing recitation of facts has been gleaned from the superior court record. Uncontradicted affidavits in the record explain the long delay; the Martins simply did not present themselves for trial on August 12, 1974. Prior to that date, and until September 1976, Danny Martin was held by state and federal authorities in California; Joyce Martin, although she may have been present in Snohomish County, did not register that fact with the court and was therefore in an absent status. CrR 3.3(f).

CrR 3.3, which became effective July 1, 1973, dramatically changed the procedure for the management of criminal calendars. Before then, it was the duty of counsel to arrange for trial settings and to notify the court if a speedy trial was desired.

> Despite the learned trial judge's most scrupulous acknowledgment of possible fault, we doubt that the record shows that either party requested a trial setting or showed any disinclination to depart from the established procedures for calling the assignment calendar. A judge cannot make his rulings gratuitously and out of thin air; he cannot be expected to divine the half-expressed hopes of counsel nor convert their subtleties into a request for a judicial ruling. The court is not an adversary but a neutral, and nothing in this record suggests that either judge of record acted otherwise. Before a court can take responsive judicial action, it should be apprised with reasonable certainty what it is asked to do. To rule otherwise would make shambles of long-established and universally accepted procedures and arbitrarily place upon trial judges duties and standards of vigilance they cannot fulfill.

*State v. Christensen,* 75 Wn.2d 678, 683, 453 P.2d 644 (1969).

Although the duty of counsel to apprise the court of the tasks it must perform remains, CrR 3.3(a) provides that

> It shall be the responsibility of the court to insure to each person charged with crime a speedy trial in accordance with the provisions of this rule.

■ In the discharge of this responsibility the court must order criminal charges brought to trial within 90 days following the preliminary appearance (60 days if the defendant is confined awaiting trial), CrR 3.3(b) and (c), or make a timely record of the reasons for delay in sufficient detail to permit appellate review. *State v. Williams,* 87 Wn.2d 916, 557 P.2d 1311 (1976); *State v. Williams,* 85 Wn.2d 29, 530 P.2d 225 (1975); *State v. Espeland,* 13 Wn. App. 849, 537 P.2d 1041 (1975). There is no such record in this case.

Although we hesitate to order dismissal of the charges against the Martins for want of a speedy trial, because in 1974 the court did not have advantage of the cases cited, the rule is explicit in its terms, applies to all, equally, and to be effective must be rigidly enforced. *State v. Williams,* 85 Wn.2d 29, 530 P.2d 225 (1975).

The cause is remanded with direction to dismiss.

CALLOW and ANDERSEN, JJ., concur.

Reconsideration denied October 20, 1977.

Review denied by Supreme Court May 19, 1978.