[No. 2865–2. Division Two. November 16, 1978.]

THE STATE OF WASHINGTON, *Respondent,* v. GARY HULTMAN, *Appellant.*

*Gregory O. DeBay* and *Short & DeBay,* for appellant.

*Curtis M. Janhunen, Prosecuting Attorney,* for respondent.

PETRIE, J.—Gary T. Hultman appeals from the revocation by the Superior Court for Grays Harbor County of a suspended sentence and term of probation. We agree with his contention that the trial court had lost jurisdiction to revoke, and we reverse the court's order.

A chronology of the pertinent events is critical to an understanding of this opinion.

On January 23, 1976, defendant was sentenced in Grays Harbor County for the crime of injury to property; on the record before us we cannot determine the exact nature of the offense. Defendant was sentenced to a term of 1 year in the county jail, suspended on certain conditions, and from that we deduce he had been found guilty of a gross misdemeanor. *See* RCW 9.61.070, RCW 9.92.020.

In any event, among the conditions attached to the suspension of sentence and attendant probation were (1) that defendant pay a fine and court costs within 1 year; (2) that

he make restitution to his apparent victim within 1 year; (3) that he "be on his good behavior"; and (4) that he pay child support apparently as had been directed in a prior decree dissolving his marriage.

The prosecutor on January 7, 1977, filed a petition to revoke the suspended sentence due to defendant's alleged willful failure to pay the child support, fine and restitution. Thereafter, the court set an omnibus hearing for January 21, 1977. Defendant on January 21 moved for a continuance to allow him "time to obtain documents necessary to be presented at his hearing." On that same day the court set the revocation hearing for January 28, 1977, and directed the State to furnish defendant with copies of all exhibits to be introduced in the hearing.

On January 22, 1977, defendant was arrested on a charge of slashing the tires of an Aberdeen police car, an incident which took place early that morning. On the scheduled day of the revocation hearing, January 28, the hearing was stricken at the request of the prosecutor, who on February 9 filed an amended petition to revoke the suspension of sentence. The amended petition, filed under the same cause number, added the alleged tire-slashing incident as a second basis for revocation. A hearing was finally held on April 12, 1977, and the suspended sentence was revoked and Hultman ordered to jail.

We are concerned here with RCW 9.95.230, which grants the trial court authority "at any time during the course of probation" to revoke its order suspending the imposition or execution of sentence. This case involves a sentence that was imposed, but the execution of which was suspended. The Supreme Court in *State v. Mortrud,* 89 Wn.2d 720, 724, 575 P.2d 227 (1978), recently held that

> RCW 9.95.230 operates to terminate the jurisdiction of the court over the defendant upon the expiration of the probationary period, and the court shall have no authority to revoke, modify, or change its order of deferral of execution of the sentence.

We are bound to follow this recent, authoritative interpretation of the statute by the Supreme Court.

One fact distinguishes this case from *Mortrud,* if we give the benefit of the doubt to the State that the striking of the revocation hearing on January 28, was not a dismissal of the original petition, but only a continuance to allow an amendment of the petition to incorporate the tire–slashing incident. The difference is that in this case—unlike in *Mortrud*—the initial petition to revoke was filed *prior* to expiration of the term of suspension of sentence and probation. The State urges that the initiation of revocation proceedings *within* the term of probation should avert the expiration of the court's jurisdiction to revoke, providing the State proceeds to schedule a revocation hearing with due diligence. Such is the rule in several jurisdictions, for example: *Parkerson v. State,* 230 Ark. 118, 321 S.W.2d 207 (1959); *Brooker v. State,* 207 So. 2d 478 (Fla. Ct. App. 1968); *People v. Hodges,* 231 Mich. 656, 204 N.W. 801 (1925); *State v. White,* 193 Neb. 93, 225 N.W.2d 426 (1975); *Avance v. Mills,* 495 P.2d 828 (Okla. Crim. 1972); *State v. O'Neal,* 24 Ore. App. 423, 545 P.2d 910 (1976); *Bobo v. State,* 479 S.W.2d 947 (Tex. Crim. App. 1972). *See also Commonwealth v. Sawicki,* 369 Mass. 377, 339 N.E.2d 740 (1975); *Decker v. State,* 209 N.W.2d 879 (N.D. 1973). Of related impact is *Gillespie v. State,* 17 Wn. App. 363, 563 P.2d 1272, *review denied,* 89 Wn.2d 1008 (1977), which held that the running of a probationary period is tolled during that period when the probationer under a deferred imposition of sentence departs the geographical jurisdiction of the sentencing court. *See also Commonwealth v. Clark,* 225 Pa. Super. 171, 310 A.2d 316 (1973).

We appreciate the State's concern that a person on probationary status can, under a literal reading of *Mortrud,* commit a violation of probation so near the end of the period of his suspended sentence that the authorities will not have time to file a petition to revoke, let alone schedule a hearing, before the court's jurisdiction expires. In *Mortrud,* however, the Supreme Court was faced with an

egregious situation in which a violation report was filed some 5 months after the probation had expired and the revocation hearing occurred *more than 2 years* after the end of probation. Discouragement of that kind of "administrative inertia," the Supreme Court ruled, outweighs the problem of inability to schedule hearings for violations occurring late in the probationary period. Violations of a criminal nature, of course, can be punished separately and a sentence can be based on the defendant's past record.

Those considerations do not completely answer the need to be able to enforce terms of probation such as the payment of a fine, costs, and restitution in this case. In fact, when a defendant is given the full term of probation within which to make such payments, his failure to pay them in violation of the conditions of probation will not be established until the period expires. A probationer can simply ignore such conditions, and when the probationary period expires without his having made the payments, the court will have lost jurisdiction to enforce them. Under our statutes, the court is not helpless in the face of this dilemma, however. It can choose to defer *imposition* of the sentence, as in *In re Myers,* 20 Wn. App. 200, 579 P.2d 1006 (1978), wherein we discussed the rationale for allowing the court to retain jurisdiction over a probationer pursuant to a deferred *imposition* of sentence under RCW 9.95.210,[1] as contrasted with the suspended *execution* of sentence in *Mortrud* and in the case at bench. When imposition of the sentence is deferred, the court can frame its order so as to retain jurisdiction over the defendant until expiration of the maximum term of sentence, despite the fact the period of active or supervised probation set by the court may be of shorter duration. *In re Myers, supra.*

There is additional authority for the result in this case. Under RCW 9.95.210, the court was empowered to suspend the execution of sentence and impose probation only until termination of the maximum term of sentence actually

---

[1]RCW 9.95.210 provides in part:

pronounced—in this case 1 year. *State v. Monday,* 85 Wn.2d 906, 540 P.2d 416 (1975).

■ It, therefore, appears that the court had no authority to revoke defendant's probation for two related reasons: Its jurisdiction to revoke the order suspending execution of sentence expired with the end of the maximum term pronounced, *i.e.,* January 23, 1977, and its jurisdiction expired with the end of the probationary period—which in this case occurred on the same date. The result argued by the State, that jurisdiction to revoke should be preserved by the prompt filing of a petition to revoke for a violation occurring late in the period of probation, can only be achieved through statutory revision by the legislature in view of the interpretation of RCW 9.95.230 in *State v. Mortrud, supra.*

Defendant has raised other assignments of error which we find without merit. Because of our disposition of the jurisdictional issue, we will discuss them only fleetingly. Even if a suspension of sentence is void due to the failure of the court to assign a probation officer, the sentence itself is valid and the court can exercise jurisdiction to revoke the suspension and reimpose the sentence when the terms of probation are violated. *State ex rel. Pence v. Koch,* 173 Wash. 420, 23 P.2d 884 (1933).

There was sufficient evidence to support the order of revocation. *State v. Kuhn,* 81 Wn.2d 648, 503 P.2d 1061 (1972).

The order revoking probation is reversed.

PEARSON, C.J., concurs.

SOULE, J. (dissenting)—I recognize that the result of the majority is supported by *State v. Mortrud,* 89 Wn.2d 720, 575 P.2d 227 (1978), which holds that under RCW 9.95.230, the court loses jurisdiction to *hear* the revocation petition

---

"The court in granting probation, may suspend the imposing or the execution of the sentence and may direct that such suspension may continue for such period of time, not exceeding the maximum term of sentence, except as hereinafter set forth and upon such terms and conditions as it shall determine."

after the expiration of the probationary period when execution of sentence has been suspended under RCW 9.95.210.

In *Mortrud,* the court was concerned with the prejudice to a probationer which can occur when, through administrative inertia, the petition to revoke probation is filed after the probationary period has expired. In that case, it was filed many months later. No statute specifically requires that the *hearing* be held within the probationary period. In giving what I regard as an overbroad interpretation to RCW 9.95.210 and .230, *Mortrud* relied on *State v. Monday,* 85 Wn.2d 906, 540 P.2d 416 (1975), where the petition to revoke was likewise filed after the period of the actual sentence had expired. In neither case did the court have occasion to consider specifically the problem presented when the petition is filed within the probationary period, but because of normal docket procedures, including defendant's request for a continuance, a hearing cannot be held until thereafter.

The facts in the present case are such that, in my opinion, considerations giving rise to the result in *Mortrud* are unpersuasive and *Mortrud* should not control.

In the case before us, there was no administrative inertia. The petition was timely filed on January 7, and an omnibus hearing set for January 21, 1977, which was 2 days before the expiration of the probationary period. On January 21, defendant requested a continuance "to enable him to obtain documents necessary to be presented at his hearing." The court thereupon set January 28, 1977, as the date for the revocation hearing. This should, in my opinion, be sufficient to invoke the jurisdiction of the court. The authorities from other jurisdictions cited by the State and noted in the majority opinion, are persuasive to me.

A very similar situation was before the court in *Parkerson v. State,* 230 Ark. 118, 121, 321 S.W.2d 207, 208 (1959), and the court said:

It would be approaching the ridiculous to hold that appellant should be allowed to ask for and accept the

favor of the court and then later use that favor to deprive the court of jurisdiction over him.

*Parkerson v. State* also cited with approval the reasoning of *People v. Hodges,* 231 Mich. 656, 660–61, 204 N.W. 801, 802 (1925), wherein the court said:

If no action had been taken during the period of probation a more serious question would be presented. But here the petition to revoke the probation was filed within the period of probation and we think it must be held that the filing of this petition within the period of probation gave the court jurisdiction which was not lost by a reasonable delay incident to a hearing upon it. Had objection been made to an adjournment the court could then have passed sentence and no question could have been raised to its validity.

The restrictive *Mortrud* rule requiring a *hearing* before the term of probation has expired, rather than merely the filing of the petition to revoke within that period, serves no useful purpose in preventing administrative inertia. Rather, as the majority here recognize, it gives the defendant a period of time before the probationary term has expired in which he cannot be required, in all practicality, to comply with the terms of his probation. Such an unnecessarily restrictive interpretation of the law can only serve to further erode public confidence in the judiciary. *State v. Mortrud, supra,* should be reexamined by the Supreme Court of this state, and further consideration given to the realities of the supervision of probationers and the security of the public. *Mortrud* should be overruled insofar as it can be read to require a hearing before the probationary term expires. It should be sufficient to secure jurisdiction that the petition is filed within that period of time, or in the event of a last minute violation such as also occurred here, that it be filed promptly thereafter. *Cf. State v. White,* 193 Neb. 93, 225 N.W.2d 426 (1975).

I would affirm the judgment of the trial court revoking the suspended sentence.

Reconsideration denied December 4, 1978.

Appealed to Supreme Court December 13, 1978.