[No. 3439–2. Division Two. May 31, 1979.]

THE STATE OF WASHINGTON, *Respondent,* v. REX
CHARLES WHITE, *Appellant.*

SOULE, J., dissents by separate opinion.

*John Henry Browne* and *John W. Wolfe,* for appellant.

*Grant S. Meiner, Prosecuting Attorney,* and *Kenneth L.
Cowsert, Deputy,* for respondent.

PEARSON, C.J.—Defendant, Rex White, was brought to trial and convicted of second–degree rape 66 days after his preliminary appearance. Because he was incarcerated during the entire period, he argues his CrR 3.3 right to a trial within 60 days was violated. We are forced to agree and, therefore, reverse his conviction.

To comply with the 60–day rule, defendant should have been tried on or before February 16, 1978. Instead, he was tried on February 22 and 23. The State concedes that CrR 3.3 was not followed,[1] but contends defendant waived this violation during arraignment.

THE COURT: Mr. White, to the charge of Rape in the First Degree, said to have been committed in this county on the 17th day of July, 1977, what is your plea, Guilty or Not Guilty?

MR. WHITE: Not Guilty, Your Honor.

THE COURT: Enter a plea of Not Guilty. We'll set the matter down for trial. He's incarcerated presently?

[DEFENSE COUNSEL:] He is and there's essentially no chance of his posting bail, Your Honor. For that reason I would suggest an early trial date; I notice on my calendar that on January 11th there are two cases which very probably will not go to trial; one I'm quite certain State v._____. *Mr. White has indicated that he would be perfectly willing to set a trial date in February, Your Honor.*

THE COURT: How long will the trial take?

[DEFENSE COUNSEL:] I suspect two days.

---

[1]CrR 3.3 states in pertinent part:

"(a) **Responsibility of Court.** It shall be the responsibility of the court to insure to each person charged with crime a speedy trial in accordance with the provisions of this rule.

"(b) **Time Limit.** A criminal charge shall be brought to trial within 90 days following the preliminary appearance.

"(c) **Priority Over Civil Cases.** Criminal trials shall take precedence over civil. A defendant unable to obtain pretrial release shall have priority and the charge shall be brought to trial within 60 days following the preliminary appearance."

On November 17, 1978, a major revision of CrR 3.3 took effect, *see* 90 Wn.2d 1149 (1978). This revision, were it applicable to this case, would change our holding.

[PROSECUTOR:] Except for the seriousness of the offense it could probably be squeezed into one day. I would anticipate that there will be some extensive cross–examination, two days would be sufficient.

THE COURT: *State v. Steadman,* does anyone know about this case?

[DEFENSE COUNSEL:] Mr. Steadman was a client sometime ago and to the best of my knowledge—

THE COURT: February 22nd and 23rd; there's no criminal case on Judge Chamberlin's calendar, I will put the case down there, with an Omnibus Hearing—

[DEFENSE COUNSEL:] Could we set it on the 13th of January?

THE COURT: I was looking at last year's calendar. Those dates are still available; then the omnibus hearing is January 13th.

[PROSECUTOR:] Thank you.

[DEFENSE COUNSEL:] Thank you, Your Honor.

THE COURT: That is all for now.

(Italics ours.) The State asserts that the italicized language constitutes a waiver of the 60–day rule because defense counsel indicated a willingness to go to trial any time during February, a month which fell partly within and partly without the 60–day period, and he received a February court date. Furthermore, he made no objection to the court–suggested date at the time it was announced.

Defendant, on the other hand, stresses that his counsel never indicated an intent to waive defendant's speedy trial rights or an awareness that the court–imposed trial date exceeded the 60–day limit. In fact, defense counsel specifically requested "an early trial date" and suggested January 11.

The basic guidelines for waiver of CrR 3.3 time for trial limits are set forth by our Supreme Court in *State v. Williams,* 87 Wn.2d 916, 557 P.2d 1311 (1976). They are stringent: (1) the right to a speedy trial is a fundamental right, (2) courts will indulge every reasonable presumption against waiver of such rights, (3) any waiver must be explicit, and (4) reasons for waiver must appear in the record. We have always maintained that the tenor of

*Williams* requires strict adherence to these guidelines. *See State v. Pomeroy,* 18 Wn. App. 837, 573 P.2d 805 (1977); *State v. DeLong,* 16 Wn. App. 452, 557 P.2d 14 (1976); *State v. Coutlee,* 15 Wn. App. 401, 550 P.2d 39 (1976). *See also State v. Striker,* 87 Wn.2d 870, 557 P.2d 847 (1976). Consequently, we have refused to *imply* a waiver except in two instances: (a) where defendant fails to raise the issue prior to trial, *see, e.g., State v. Sample,* 13 Wn. App. 123, 534 P.2d 125 (1975); or (b) where defendant or his counsel requests a continuance or late trial date and states good cause for the record. *See, e.g., State v. Colbert,* 17 Wn. App. 658, 564 P.2d 1182 (1977); *State ex rel. Rushmore v. Bellevue Dist. Justice Court,* 15 Wn. App. 675, 552 P.2d 693 (1976); *State v. Livengood,* 14 Wn. App. 203, 540 P.2d 480 (1975).

Neither of these two exceptions applies to the present case. First, defendant made a timely motion to dismiss on the day before trial. Second, the record does not disclose any tactical reason advanced by defendant for acquiescing in a court date beyond the 60–day limit.[2]

In view of the strong language in *Williams* requiring explicit waiver, we cannot hold that defense counsel's ambiguous statement that he and his client were amenable to a February trial date impliedly waived the 60–day rule. Furthermore, we must be guided by the language of CrR 3.3 itself. CrR 3.3(a) states:

> It shall be the responsibility of the court to insure to each person charged with crime a speedy trial in accordance with the provisions of this rule.

This rule is a departure from the pre–1973 law, which placed the responsibility on counsel to notify the court if a speedy trial was desired. *State v. Martin,* 18 Wn. App. 493,

---

[2]Division One of our court has held that an attorney may waive his client's CrR 3.3 rights for tactical reasons at the initial setting of the trial date, so long as the client comprehends his right to a speedy trial. *See State v. Franulovich,* 18 Wn. App. 290, 567 P.2d 264 (1977). However, we point out that the waiver by defense counsel was *explicit* in *Franulovich,* whereas the waiver asserted herein was *implicit.*

494, 569 P.2d 1204 (1977). The effect of CrR 3.3(a) was to place the burden on the court to ascertain if the speedy trial rule is being followed and make a record of the reasons if it is not. No longer can the court imply a waiver of CrR 3.3 time limits from defense counsel's silence or failure to object to a trial date suggested by the court. *State v. Goldthorpe,* 14 Wn. App. 268, 540 P.2d 455 (1975). Similarly, as we read the rule, the court cannot imply a waiver from defense counsel's own suggested trial date unless the court first calls defense counsel's attention to the fact that the date counsel suggests is outside the CrR 3.3 time limits and asks counsel to state for the record good cause for exceeding the limits. This procedure was not followed in the present case, and as a result we hold that the judgment against defendant must be reversed and his case dismissed with prejudice. CrR 3.3(g).

We are aware that the recent amendment to CrR 3.3(d)(1) appears to return some of the responsibility to counsel to assert his client's CrR 3.3 rights early on or waive them;[3] however, we are governed by the rule as it existed at the time of defendant's trial.

Because of our disposition of the CrR 3.3 issue, we see no reason to address defendant's self–incrimination argument.

The judgment will be reversed and the case remanded with instructions to dismiss with prejudice.

PETRIE, J., concurs.

---

[3]CrR 3.3(d)(1), effective November 17, 1978, states:

"The court shall, within 10 days of the defendant's arraignment in superior court, set a date for trial which is within the time limits prescribed by this rule, and notify all parties and their counsel of the date set. The notice shall set forth the date of the defendant's arraignment in court on the charge to be tried and the number of days which will elapse before the trial date. A party who objects to the date set upon the ground that it is not within the time limits prescribed by this rule must, within 10 days of receiving the notice from the court, move that the court set a trial within those time limits. Failure of a party, for any reason, to make such a motion shall be a waiver of the objection that a trial commenced on such date is not within the time limits prescribed by this rule."

SOULE, J. (dissenting)—As in *State v. Hultman,* 21 Wn. App. 878, 587 P.2d 599 (1978), I recognize that the decision of the majority is not only supported, but compelled by the present decisions of the Supreme Court of this state. *State v. Williams,* 87 Wn.2d 916, 557 P.2d 1311 (1976); *State v. Striker,* 87 Wn.2d 870, 557 P.2d 847 (1976); *State v. Jack,* 87 Wn.2d 467, 553 P.2d 1347 (1976); *State v. Williams,* 85 Wn.2d 29, 530 P.2d 225 (1975).

It should be noted in *State v. Williams,* 87 Wn.2d 916, 557 P.2d 1311 (1976), that the court speaks of a fundamental right to a speedy trial, citing *Klopfer v. North Carolina,* 386 U.S. 213, 18 L. Ed. 2d 1, 87 S. Ct. 988 (1967). In so doing, the issue is confused because in *Klopfer,* the court was referring to the *constitutional* right to a speedy trial, a far different thing than a right to a speedy trial within a specific length of time arising from a set of rules which by their very title and terms relate to procedure only.

In my opinion, the rigid and inflexible application of CrR 3.3 results in a gross miscarriage of justice in this case and my dissent is for the purpose of conveying to the citizens of Clallam County and the state of Washington, the fact that it is the present state of the decisional law with respect to CrR 3.3 which is responsible for this unwholesome situation whereby a rapist is to be placed beyond the power of the law to punish him because his trial date was set 6 days over the 60-day limit. There is no claim of prejudice arising from the lapse of that 6-day period. The enormity of the situation is compounded by the colloquy at the time of the trial setting. That colloquy is set forth in the majority opinion.

In my judgment, defendant's trial counsel[4] had an obligation on December 22 to plainly state to the trial judge that his willingness to accept a February date did not mean that he was willing to go beyond 60 days from the date of

---

[4]On appeal, defendant is represented by different counsel.

initial appearance.[5] His conduct trapped the trial judge and was acceded to by his client who may be presumed to have been thoroughly experienced in the ways of criminal procedures, he having been twice previously convicted of serious felonies.[6] The defendant should not be permitted to profit by the misleading silence of his counsel and of himself.

In other contexts, the Supreme Court has held that it has inherent power to waive the requirements of its own rules in particular cases when the purposes of justice so require. *Ashley v. Superior Court,* 83 Wn.2d 630, 521 P.2d 711 (1974); *Iverson v. Marine Bancorporation,* 83 Wn.2d 163, 517 P.2d 197 (1973); *O'Connor v. Matzdorff,* 76 Wn.2d 589, 458 P.2d 154 (1969). While the exercise of the power has not been without criticism (*see* dissents in *Carter v. University of Wash.,* 85 Wn.2d 391, 407, 536 P.2d 618 (1975) and *Iverson v. Marine Bancorporation, supra*), it is now a recognized practice in this jurisdiction.

In my opinion, justice to the public requires that CrR 3.3 be not mechanically applied but rather, on the present facts, that the draconian remedy of dismissal be avoided, something which cannot be done at the level of the Court of Appeals, but can be done by the Supreme Court since the rules are theirs, not ours. The propriety of reconsidering

---

[5](CPR) DR 7–102(A)(5) prohibits knowingly making a false statement of fact. On December 22, it was evident that the court misunderstood the import of counsel's statement about the February date. Upon perceiving that the court had a mistaken understanding of counsel's meaning, and failing to speak up, that statement became the equivalent of a false statement of fact. The duty then arose under (CPR) DR 7–102(A)(3) to disclose his more restricted meaning. It is also my belief that failure to correct the misapprehension left with the trial court by the statement about the acceptability of a February trial date, was a violation of defense counsel's oath of an attorney, subsection 5, in that his conduct affirmatively misled the trial court. Trial counsel was an experienced public defender who undoubtedly was aware of the tactical advantage of quietly permitting a case to be set beyond 60 days from December 19, 1977.

[6]Defendant was convicted of robbery in Nevada in 1975 and of breaking and entering in Virginia in 1973. In both instances, the trial judge in the present case found that he had been represented by counsel throughout the proceedings.

445

the rigid application of the rule is reinforced because the vice of the old rule has now been recognized by the amendment of CrR 3.3. Subsection (d) thereof now places the duty upon the defendant to object within 10 days of receiving notice of the trial setting if he does want a trial within the 60– to 90–day limits, and failure to object timely is deemed a waiver of the right.

Therefore, I dissent.

Reconsideration denied July 2, 1979.

Appealed to Supreme Court August 21, 1979.