[No. 4677–1.   Division One.   August 1, 1977.]

THE STATE OF WASHINGTON, *Appellant,* v. TONY
FRANULOVICH, *Respondent.*

*Michael C. Redman, Prosecuting Attorney,* for appellant.

*Paul N. Luvera, Jr., Mullen, Angevine & Johnson,* and
*G. E. Mullen,* for respondent.

FARRIS, C.J.—The State appeals from an order dismissing an information on the ground that Franulovich was not brought to trial within 90 days as required by CrR 3.3(b).

On November 7, 1975, Tony Franulovich was charged by information with two counts of illegal fishing. At his arraignment on December 8, 1975, Franulovich's counsel advised the court that he desired to make several preliminary motions before his client entered a plea. The court then inquired as to a "waiver of the ninety–day rule?" Franulovich's counsel stated, "We would waive any reliance on that rule, your Honor." Following arraignment, the court stated that the case would be "placed upon the earliest jury

calendar." In response to this statement, the prosecutor said:

If it is going to be placed on the earliest jury calendar, are you going to waive the ninety–day rule?

Franulovich's counsel responded, "Yes, I did." The court then stated, "He did for the record. That would assist the Court in the scheduling of this matter." Subsequently, Franulovich retained different counsel who moved to dismiss on the ground that the State had not complied with CrR 3.3. In support of the motion to dismiss, Franulovich filed an affidavit in which he stated in part:

That at all times mentioned herein your affiant was extremely conscious of his right to a speedy trial, which your affiant then construed and still construes as a fundamental Constitutional right.

Franulovich also indicated that he did not discuss waiver of his right to a speedy trial with his counsel prior to the arraignment, and that he thought "he should wait until after the hearing to discuss this matter in detail with his attorney." Franulovich also filed an affidavit of a witness who stated that, following the hearing, Franulovich stated:

He [Franulovich's counsel] waived my right to a speedy trial. He did it without asking me, without my permission.

In response to Franulovich's motion to dismiss, the State filed an affidavit of Franulovich's attorney wherein he stated that he "did not specifically discuss with the defendant FRANULOVICH CrR 3.3 or his right to have this matter set down for trial within 90 days." The attorney also stated, however, that "we did not want this matter set for trial until such time as we had attempted to quash the information as a matter of law," and that

at no time during [the arraignment] did I seek to nor did I waive the defendant's Constitutional right to a speedy trial. What I do admit to doing was to waive application of a procedural rule which insures the Constitutional guarantee; we waived the 90–day rule or CrR 3.3—not the defendant's right to a speedy trial.

The controlling issue on appeal is whether the waiver of the speedy trial rule by Franulovich's attorney at arraignment was legally effective and binding on Franulovich.

We recognize that a defendant has a fundamental right to a speedy trial under article 1, section 22 (amendment 10) of the Washington State Constitution and the sixth amendment to the United States Constitution. *Barker v. Wingo,* 407 U.S. 514, 33 L. Ed. 2d 101, 92 S. Ct. 2182 (1972); *Klopfer v. North Carolina,* 386 U.S. 213, 18 L. Ed. 2d 1, 87 S. Ct. 988 (1967); *State v. Williams,* 87 Wn.2d 916, 557 P.2d 1311 (1976). Courts will not presume a waiver of the fundamental constitutional right to a speedy trial from a silent record. *State v. Williams, supra.*

> The state must carry the heavy burden of proving that a constitutional right is voluntarily, knowingly and intelligently waived.

*State v. Carlson,* 2 Wn. App. 104, 108, 466 P.2d 539 (1970).

■ Although other jurisdictions hold that defendant's counsel can effectively waive the specific time requirements for a speedy trial as defined in a court rule or statute, *Brown v. State,* 328 So. 2d 497 (Fla. Ct. App. 1976), *Townsend v. Superior Court,* 15 Cal. 3d 774, 543 P.2d 619, 126 Cal. Rptr. 251 (1975), *State v. Taylor,* 47 Ohio App. 2d 171, 352 N.E.2d 604 (1975), *Snyder v. State,* 524 P.2d 661 (Alas. 1974), the issue has not been resolved in Washington. *State v. Williams, supra* at 921, held that

> [t]he defendant is not bound by the decision or default of his counsel at a time when he did not comprehend his rights.

Here, the affidavit of Franulovich specifically asserts that he at all times comprehended his right to a speedy trial. Further, *Williams* does not preclude an attorney from waiving a *procedural* (as opposed to substantive) right for tactical purposes. *See State v. Blanchey,* 75 Wn.2d 926, 454 P.2d 841 (1969), *cert. denied,* 396 U.S. 1045, 24 L. Ed. 2d 688, 90 S. Ct. 694 (1970); *In re Adoption of Coggins,* 13 Wn. App. 736, 537 P.2d 287 (1975); *In re Houts,* 7 Wn. App. 476, 481, 499 P.2d 1276 (1972). *Cf. State v. Livengood,*

14 Wn. App. 203, 540 P.2d 480 (1975). *See also Brookhart v. Janis,* 384 U.S. 1, 16 L. Ed. 2d 314, 86 S. Ct. 1245 (1966); *Henry v. Mississippi,* 379 U.S. 443, 13 L. Ed. 2d 408, 85 S. Ct. 564 (1965).

The position of the California Supreme Court in *Townsend* is consistent with the holding of the Supreme Court in *Williams.* While recognizing the inability of counsel to waive certain fundamental constitutional guaranties, it recognized that

the *statutory* right to be tried within 60 days . . . cannot properly be termed "fundamental" in the foregoing sense and therefore beyond counsel's primary control. Being of statutory origin, a defendant's rights . . . are "merely supplementary to and a construction of the Constitution. . . ." They do not carry the force or weight of constitutionally mandated imperatives. In this connection we think it significant that the United States Supreme Court has clearly rejected the proposition that the constitutional right to a speedy trial " . . . can be quantified into a specified number of days or months." (*Barker v. Wingo* (1972) 407 U.S. 514, 523, 92 S.Ct. 2182, 2188, 33 L.Ed.2d 101.)

*Townsend v. Superior Court, supra* at 781–82. There, as here, the defendant was bound by the actions of his attorney in waiving his statutory right to a speedy trial. The court recognized that counsel does not possess

carte blanche under any and all conditions to postpone his client's trial indefinitely. Counsel's power in this regard is not unlimited. . . . Nor may counsel effectively waive his client's rights where the record reveals that the latter was the victim of inadequate representation. . . . This is not such a case. All requests for continuance were reasonably justified. Defense counsel is undoubtedly well qualified to represent petitioner, and is pursuing his client's best interests in a competent manner.

*Townsend v. Superior Court, supra* at 784. Here, there is no allegation of incompetency of counsel. We hold that the waiver, by counsel, was binding upon Franulovich under the facts and circumstances before us.

Reversed and remanded for trial.

CALLOW and ANDERSEN, JJ., concur.

Petition for rehearing denied October 25, 1977.

Review denied by Supreme Court May 12, 1978.