[No. 14355–7–I. Division One. January 27, 1986.]

THE STATE OF WASHINGTON, *Respondent,* v. LEONARD ROBERT ANDERSON, *Defendant,* DANIEL LANE, *Appellant.*

*Paris K. Kallas* of *Washington Appellate Defender Association,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *David H. Smith, Deputy,* for respondent.

WEBSTER, J.—Daniel Lane appeals his King County jury conviction of burglary in the second degree. Lane assigns error to: (1) failure of the information and the jury instructions to specify the crime Lane intended to commit; (2) the trial court's refusal to allow Lane's counsel to withdraw on the basis of a conflict of interest; (3) the court's refusal to instruct the jury that the State had the burden of disproving Lane's intoxication defense; and (4) the admission of evidence of Lane's prior convictions under ER 404(b) and ER 609. We affirm.

On the evening of August 14, 1983, Daniel Lane and Leonard Anderson, a friend, were drinking alcoholic beverages at the Redondo Beach Pier. In the early morning of August 15, 1983, a state liquor store on Dash Point Road in Federal Way was burglarized. Later, Lane was arrested and charged with burglary in the second degree.

At trial, Anderson testified that he committed the burglary and that, although Lane was present during the commission of the crime, Lane did not participate in the burglary.[1] Lane testified he was intoxicated at the time of the incident and denied any memory of the events in question. His defense was that he lacked the capacity to form the intent to commit theft.

The jury found Lane guilty of burglary in the second degree. Lane appeals.

## FAILURE TO SPECIFY THE INTENDED CRIME

The jury rendered its guilty verdict on November 21, 1983. On December 15, 1983, the Washington Supreme

---

[1]Leonard Anderson pleaded guilty to second degree burglary and is not a party to this appeal.

Court decided *State v. Johnson,* 100 Wn.2d 607, 674 P.2d 145 (1983), holding that the information must specify and the instructions must specify and define the crime or crimes a burglary defendant allegedly intends to commit when entering unlawfully.[2] The *Johnson* court held that failure to do so is error of constitutional magnitude which may be raised for the first time on appeal. *Johnson,* at 623.

Lane was charged with burglary in the second degree.[3] However, the specific crime he intended to commit while in the liquor store was not set forth in the information or in the jury instructions.

Since *Johnson* was decided after Lane's conviction, we must determine whether it should be applied retroactively. In *United States v. Johnson,* 457 U.S. 537, 73 L. Ed. 2d 202, 102 S. Ct. 2579 (1982), the United States Supreme Court set forth general guidelines on retroactivity: (1) decisions which apply settled precedents to new and different factual situations should apply retroactively; (2) where a court declares a rule of criminal procedure which is "a clear break with the past", the new rule is usually nonretroactive; (3) if the trial court lacked authority to convict or punish a criminal defendant in the first place, retroactivity is appropriate; and (4) in cases which do not fall into one of the categories above, the Court adopted the "Harlan approach"[4] to determine retroactivity.

---

[2]In *State v. Bergeron,* 105 Wn.2d 1, 711 P.2d 1000 (1985), the Washington Supreme Court partially overruled *State v. Johnson,* 100 Wn.2d 607, 674 P.2d 145 (1983), holding that "the specific crime or crimes intended to be committed inside burglarized premises is *not* an element of burglary that must be included in the information, jury instructions or in the trial court's findings and conclusions." *Bergeron,* at 15–16. Since the dissenting opinion in *Bergeron* suggests that the holding is not retroactive, we find it appropriate to address the retroactivity of *State v. Johnson.*

[3]RCW 9A.52.030 reads in pertinent part: "A person is guilty of burglary in the second degree if, with intent to commit a crime against a person or property therein, he enters or remains unlawfully in a building other than a vehicle."

[4]*See United States v. Johnson,* 457 U.S. 537, 554–56, 73 L. Ed. 2d 202, 102 S. Ct. 2579 (1982).

In *State v. Johnson, supra,* the Washington court specifically overruled older cases, *i.e., Linbeck v. State,* 1 Wash. 336, 25 P. 452 (1890), which held the State need not charge or prove which crime a defendant charged with burglary intended to commit. The court found that in light of the revision of the statute on which the burglary rule was based and case law developments regarding the constitutionality of mandatory presumptions, "*Linbeck* and its progeny are no longer authoritative." *State v. Johnson, supra* at 622.

Since *State v. Johnson* appears to declare a procedural rule which is "a clear break with the past", it will not be applied retroactively. *United States v. Johnson, supra* at 549. However, even if *State v. Johnson* were to be applied retroactively, we would find the error harmless.

One of the reasons for requiring a definition of the crime intended is that the jury may otherwise convict a defendant for unlawful entry with intent to commit an act which the jury believes to be, but which is actually not, a crime. *State v. Johnson, supra.* Nevertheless, in this case Lane does not contend the conduct allegedly intended was other than theft, but that Anderson committed the theft without Lane's assistance. There was overwhelming evidence that theft was the intended crime and that Lane did indeed participate in the theft. Thus, any error in failing to specify the crime intended is harmless error.

### JURY INSTRUCTION: BURDEN OF DISPROVING INTOXICATION

Although an intoxication instruction was given to the jury, Lane contends that the trial court erred in refusing to instruct the jury that the State had the burden of proving Lane was not intoxicated.[5] This argument fails for

---

[5]Jury instruction 17 provides:

"No act committed by a person while in a state of voluntary intoxication is less criminal by reason of that condition, but whenever the actual existence of any particular mental state is a necessary element to constitute a particular kind or degree of crime, the fact of intoxication may be taken into consideration in determining such mental state."

two reasons. First, Lane did not request an instruction specifically addressing the burden of proof on intoxication. Second, this argument was specifically rejected by this court in *State v. Fuller,* 42 Wn. App. 53, 708 P.2d 413 (1985).

### WITHDRAWAL OF COUNSEL

On the second day of trial, the prosecutor informed the court that one of the prosecution's witnesses, T.G., had previously been represented by counsel from the public defender's office. Lane's counsel, Mr. R., was also employed by that agency. Mr. R. expressed concern about a possible conflict of interest.

Mr. R. conceded that he had no personal information concerning the agency's prior representation of T.G. Nevertheless, since Mr. R. intended to cross–examine T.G. about his consumption of alcohol on the night of the burglary and since T.G. was on probation, a potential for detriment to T.G. arose because one of the conditions of T.G.'s probation was that he not consume any alcoholic beverages. Mr. R. interpreted this to be a conflict of interest problem and requested permission to withdraw.

The court denied Mr. R.'s motion to withdraw because: (1) the conditions of T.G.'s probation were public information and (2) any cross examination of T.G. would be based on facts discovered by Mr. R. in preparation for Lane's case; not learned as a result of prior representation of T.G.

The trial judge informed T.G. of the possible conflict and advised him of his right to consult with an attorney and his right to invoke the privilege against self–incrimination. T.G. refused to invoke either right and agreed to testify. Furthermore, before T.G. testified he was informed that the court would not revoke his probation based on any incriminating information disclosed in his testimony.

The right to counsel guaranteed by the Sixth Amendment has been made applicable to the states through the Fourteenth Amendment. *See Cuyler v. Sullivan,* 446 U.S. 335, 344, 64 L. Ed. 2d 333, 100 S. Ct. 1708

(1980). In order to support a claim for ineffective assistance of counsel based on a conflict of interest, the defendant must show that an *actual* conflict exists. *Cuyler v. Sullivan, supra* at 350. We agree with the trial judge's determination that no actual conflict arose.

### EVIDENCE OF PRIOR CONVICTION

In *State v. Saltarelli,* 98 Wn.2d 358, 655 P.2d 697 (1982), the Washington Supreme Court reiterated that evidence of prior crimes, wrongs or acts under ER 404(b) must meet two criteria.[6] First, the evidence must be relevant. Second, if the evidence is relevant, its probative value must be weighed against possible prejudice to the defendant. *Saltarelli,* at 361–62. The trial judge is vested with wide discretion in determining if the danger of unfair prejudice outweighs the probative value of the evidence. *State v. Castro,* 32 Wn. App. 559, 648 P.2d 485 (1982).

The State offered evidence that Lane had broken into the same liquor store on two prior occasions, once in November 1982 and again in December 1982, and was convicted of second degree burglary. The prior conviction was offered to show intent and identity. Since Lane's theory was that he was too intoxicated to form the intent to commit the crime, an element the State must prove, evidence of a prior conviction would be relevant to show intent.

On the other hand, there is nothing about the method used in the previous two break–ins which would establish that Lane was the person who burglarized the liquor store on this occasion. In order to establish that modus operandi corroborates the identity of the accused as the person who likely committed the offense charged, the method employed must be unique. *State v. Coe,* 101 Wn.2d 772, 684 P.2d 668 (1984). Thus, it was erroneous to allow the conviction to be

---

[6]ER 404(b) reads: "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."

used to show identity. Even so, since the prior conviction was admissible to show intent, the defendant was not prejudiced by this error.

 Addressing Lane's assignment of error concerning admissibility of prior convictions under ER 609(a), the rule is that when a prior conviction has been admitted as substantive evidence under ER 404(b), it is admissible as a matter of course for impeachment under ER 609(a). *State v. Laureano,* 101 Wn.2d 745, 682 P.2d 889 (1984).

Finding no reversible error, we affirm the conviction.

SCHOLFIELD, A.C.J., and WILLIAMS, J., concur.

Reconsideration denied March 7, 1986.