79 P.3d 1 (2003)
119 Wash.App. 26
STATE of Washington, Respondent,
v.
Tony VICUNA, Appellant.
No. 50295-6-I.
Court of Appeals of Washington, Division 1.
November 3, 2003.
Reconsideration Denied December 23, 2003.
*2 Sarah McNeel Hrobsky, Gregory Charles Link, Seattle, WA, for Appellant.
Ethan S. Rogers, Seattle, WA, for Respondent.
COLEMAN, J.
Tony Vicuna was convicted of delivery of heroin and possession with intent to deliver. On appeal, he claims that the trial court erroneously granted his attorney's request to withdraw on the eve of trial due to an alleged conflict of interest, where the record contains no evidence of an actual conflict. He further argues that dismissal is required because without evidence of a conflict, the trial court abused its discretion by continuing his speedy trial date to allow new counsel to substitute.
We agree that the trial court's inquiry was insufficient to determine whether an actual conflict existed. But dismissal is not required because an attorney may waive a client's procedural speedy trial rights, even if the client objects, and Vicuna has not shown that his attorney's waiver was invalid or incompetent. We affirm.

FACTS AND PROCEDURAL HISTORY
Tony Vicuna was charged with one count of unlawful delivery of heroin for his role in a buy-bust operation conducted in a Seattle city park. Vicuna delivered a package of heroin to Louis Prophet, who had been acting as middleman between Vicuna and an undercover police officer.
Vicuna's trial date was set for January 22, 2002, with a speedy trial expiration date of January 27, 2002. At the first omnibus hearing on January 11, 2002, the parties addressed discovery issues and agreed to reconvene the hearing on January 18 to allow defense counsel time to interview State witnesses. There was no discussion of a conflict of interest, and the omnibus hearing checklist reflected that there were no defense witnesses. The parties also discussed extension of the trial date due to continuance of the omnibus hearing, but Vicuna stated that he did not want to agree to an extension. The court did not extend the trial date at that time.
At the January 18 omnibus hearing, defense counsel indicated that a conflict of interest existed and that he would be moving to withdraw. He also asked to continue the omnibus hearing until new counsel could appear. The court asked Vicuna if he understood that as a result of the conflict and appointment of new counsel, his speedy trial date would likely be extended. Vicuna replied that he understood. He did not object.
*3 On January 24, the trial court granted defense counsel's motion to withdraw. Before granting the motion, it asked Vicuna for his response to the change of representation and his speedy trial date. Vicuna objected, stating:
I don't understand anything of what's going on, nobody has talked to me. They only came and talked to me, one especially jumped all over my face, there is a conflict of interest, I would like to know what it is, I don't know what the conflict of interest is unless he is representing somebody that I did some harm to or something, but I don't know anybody.
The court then asked defense counsel, Donald Wackerman, to identify the nature of the conflict in the following exchange:
THE COURT: Is there a way you could indicate what the nature of the conflict is, Mr. Wackerman, without compromising anything in Mr. Vicuna's interest?
MR. WACKERMAN: I don't believe that I can on the record indicate that.
THE COURT: Have you been able to discuss this with Mr. Vicuna?
MR. WACKERMAN: I thought we had been able to indicate to Mr. Vicuna what that conflict was, but apparently not effectively. If the Court wishes, I can.
THE COURT: Let me ask you a very general question, does it involve your office's representation of other people who might be witnesses in this case?
MR. WACKERMAN: I would ask
THE COURT: If that creates problems, you don't need to answer that.
MR. WACKERMAN: It concerns the ability to be able to call witnesses who Mr. Vicuna may need to be able to present his defense at the trial and the ability to do that.
Upon hearing the nature of the conflict, the court granted the motion and continued the trial date. Because a necessary State witness had vacation scheduled for February 4-28 and defense counsel indicated that he could not be ready by February 4, Judge Fox set a new trial date of March 4, extending the speedy trial expiration to that date.
In March, several one-day continuances were granted until March 7 due to unavailability of counsel. On March 7, the State amended the charges to include one count of possession of heroin with intent to deliver and a park zone enhancement. On March 7 and 11, defense counsel requested additional time to locate Prophet, but the search was unsuccessful. A jury convicted Vicuna on both counts.

DISCUSSION
Vicuna contends that there was insufficient evidence that an actual conflict existed that required withdrawal and substitution of counsel on the eve of trial. Thus, he argues, no continuance was required and his speedy trial rights were violated.
A trial court has a duty to determine whether an actual conflict exists before it may grant a motion to withdraw and substitute counsel. In re Richardson, 100 Wash.2d 669, 677, 675 P.2d 209 (1983). "The determination of whether a conflict exists precluding continued representation of a client is a question of law and is reviewed de novo." State v. Ramos, 83 Wash.App. 622, 629, 922 P.2d 193 (1996). Rule of Professional Conduct 1.9(a) states that a lawyer who has previously represented a client shall not thereafter "represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client[.]" But this conflict may be waived by the former client in writing after consultation and full disclosure of the material facts. If one member of a law firm, including a public defender agency, is precluded from representing a client due to a conflict of interest, then all members of that firm are prohibited from representing that client. State v. Hunsaker, 74 Wash.App. 38, 42, 873 P.2d 540 (1994).
Review of three Court of Appeals decisions leads us to conclude that the trial court's inquiry here was insufficient to determine whether an actual conflict existed. In Hunsaker, this court held that the trial court erroneously found a conflict where the defendant's matter was not substantially related to that of a former client and defense counsel's *4 cross-examination of the former client would be based upon information obtained through discovery, not from the prior representation. Hunsaker, 74 Wash.App. at 48, 873 P.2d 540. A similar situation was found in an earlier decision, State v. Anderson, 42 Wash.App. 659, 713 P.2d 145 (1986), where a State witness had previously been represented by counsel from the public defender's office. In Anderson, the trial court denied counsel's motion to withdraw, even though the witness's testimony would reveal that he had been drinking in violation of probation conditions imposed in the prior matter. This court affirmed after finding that the probation conditions were of public record and the cross-examination would depend on facts discovered during trial preparation, not the prior representation. Anderson, 42 Wash.App. at 664, 713 P.2d 145. In addition, the witness had expressly waived his right to consult with an attorney and his privilege against self-incrimination. Anderson, 42 Wash.App. at 664, 713 P.2d 145.
Most recently, in State v. Ramos, 83 Wash. App. 622, 922 P.2d 193 (1996), the trial court granted defense counsel's motion to withdraw on the eve of trial, which led to a continuance of the speedy trial date. This court, relying on Hunsaker, reversed this decision after finding that there was no relationship between the witness's prior representation and the crime charged against the defendant. Further, there was no evidence that cross-examination would involve "inquiry into confidences or secrets acquired by PDA in its prior representation of her." Ramos, 83 Wash.App. at 632, 922 P.2d 193. Moreover, as in Anderson, the witness had waived her right against self-incrimination and attorney-client privilege. Ramos, 83 Wash.App. at 629-30, 922 P.2d 193. The case was remanded to reinstate the charges, which had been dismissed due to the trial court's erroneous finding of governmental mismanagement. Ramos, 83 Wash.App. at 636, 922 P.2d 193.
Hunsaker, Anderson, and Ramos clearly establish that prior representation of a witness does not automatically disqualify counsel from proceeding with representation of a defendant in a trial where that witness will testify. In Vicuna's case, the only evidence of a conflict was defense counsel's statement that "[i]t concerns the ability to be able to call witnesses who Mr. Vicuna may need to be able to present his defense at the trial and the ability to do that." There was no indication whether the conflict arose from a prior or current representation or whether the other client's representation was connected to the facts or issues of defendant's case. This kind of information was critical to the decisions in Hunsaker, Anderson, and Ramos, but it was completely absent here. Without it, we are unable to determine whether there was an actual conflict, and we must necessarily conclude that the record was insufficient for the trial court to make that determination.
In reaching this conclusion, we are mindful of the State's argument that requiring more rigorous inquiry regarding an alleged conflict could jeopardize attorney-client privilege and the defendant's constitutional rights to effective assistance of counsel and to remain silent. These are legitimate concerns; however, they do not eliminate the trial court's obligation to make an informed decisionit is not sufficient to rely upon defense counsel's assertion that a conflict exists, even if made in good faith. A number of options are available to assist the court in making a discrete inquiry. For instance, the court may conduct an in camera review with a sealed record. The court may ask general questions such as whether the witness is a current or prior client or whether the alleged conflict involves a related matter. Depending upon the responses, the court may need to elicit additional details to allow it to make an independent judgment as to the existence of a conflict. The court can also offer a brief recess to allow defense counsel to resolve the alleged conflict. Indeed, if this had been done when Vicuna's attorney had suggested it, it might have been possible to resolve the conflict without a continuance. Taking these additional steps will also minimize the risk of a wrongful denial of a motion to withdraw, which would give rise to an ineffective assistance of counsel claim.
We therefore agree with Vicuna that the trial court's inquiry was insufficient to determine whether an actual conflict existed. But *5 we disagree with his assertion that dismissal is required because his attorney negligently failed to disclose the alleged conflict in a timely manner. On this record, there is no evidence of negligence.
Vicuna relies upon State v. Franulovich, 18 Wash.App. 290, 293, 567 P.2d 264 (1977), which held that defense counsel has the authority to waive a defendant's procedural rights so long as counsel does so competently and it does not affect the defendant's constitutional speedy trial right. Franulovich, 18 Wash.App. at 292, 567 P.2d 264. In Franulovich, an attorney's waiver of the 90-day rule without his client's consent was valid and binding in the absence of any alleged incompetency. Franulovich, 18 Wash.App. at 293, 567 P.2d 264.
Under Franulovich, a defendant cannot contest his attorney's waiver of his procedural speedy trial right, even if made without his consent. Franulovich, 18 Wash.App. at 293, 567 P.2d 264. See also State v. Campbell, 103 Wash.2d 1, 691 P.2d 929 (1984) (holding that the court may grant defense counsel's motion for a continuance over defendant's objection if necessary "in the administration of justice" for pretrial preparation). The rule followed in Franulovich and later in State v. Thomas, 95 Wash.App. 730, 738, 976 P.2d 1264 (1999), upon which Vicuna also relies, is that a defendant must first show inadequate representation before the trial court can invalidate a speedy trial waiver.
Vicuna makes broad assertions that the alleged conflict could have and should have been discovered earlier, but there is no evidence to support this claim. It is also difficult to reconcile his arguments. He asserts on the one hand that there was no conflict, and therefore no grounds for a continuance, but argues on the other hand that there was a conflict and that his attorney should have disclosed it sooner. These arguments are inherently contradictory.
Furthermore, in requesting withdrawal and acknowledging that this would require a continuance of his client's speedy trial date, Vicuna's attorney made an implied waiver of the speedy trial rule. See State v. White, 23 Wash.App. 438, 441, 597 P.2d 420, aff'd, 94 Wash.2d 498, 617 P.2d 998 (1980). It may be that Vicuna's attorney believed in good faith that he had a conflict, and on this record, it is impossible to tell whether he was correct. Because Vicuna has not shown that his attorney provided inadequate representation, there is no basis on direct appeal to invalidate his attorney's waiver, although such issues could potentially be raised in a personal restraint petition.
Thomas also presented a situation where the trial court's erroneous grant of a motion to withdraw and the resulting continuance were invited by the defense. Under such circumstances, the Thomas court held that "a speedy trial waiver forced solely by defense counsel's conduct, and not in any way attributable to the State or the court, is not a violation of Criminal Rule 3.3, and does not justify a dismissal of charges." Thomas, 95 Wash.App. 730, 976 P.2d 1264. This rule is applicable here. Requiring dismissal in such situations would inappropriately place the State in an adversarial position against withdrawal to protect its interest in preventing speedy trial violations. The State should not be forced to advocate against withdrawal when it has no factual basis for advancing such an argument, and those facts are uniquely in defense counsel's possession.
The last issue we address is Vicuna's contention that his constitutional speedy trial rights were violated because the delay of his trial was oppressive, unreasonable, or prejudicial. State v. Alter, 67 Wash.2d 111, 121, 406 P.2d 765 (1965). The factors to consider when determining whether a delay violates the constitutional speedy trial right are the length of the delay, the reason for the delay, the defendant's assertion of the right, and the prejudice to the defendant. State v. Corrado, 94 Wash.App. 228, 233, 972 P.2d 515 (1999) (citing Barker v. Wingo, 407 U.S. 514, 537, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972)).
Addressing the relevant factors in order, first, the six-week delay does not appear excessively long on its face. Second, four events caused the total delay of Vicuna's trial date: (1) withdrawal and substitution of counsel; (2) a State witness's vacation; (3) unavailability of counsel; and (4) defense counsel's unsuccessful attempt to locate a homeless witness. Except for the withdrawal, *6 all of the reasons for the delay are valid and not challenged on appeal. Although, arguably, no delay would have been required if the trial court had denied the motion to withdraw, there is some merit to the State's argument that if the trial court had appointed independent counsel to investigate the alleged conflict, some delay was inevitable to resolve the motion to withdraw. Third, Vicuna's objections were somewhat inconsistent. He objected to extensions on January 11 and January 24, but raised no objection at the January 18 omnibus hearing when counsel raised the potential conflict and the possibility of a continuance. Fourth, Vicuna's claims of prejudice are not persuasive. Although he argues that the delay resulted in loss of a witness and additional time for the State to add charges, the evidence does not show that Prophet could have been found in January. And the State indicated on January 11 that it intended to amend the charges at trial, so this would have occurred regardless of the delay. In sum, none of the four pertinent factors shows that the delay was unreasonable or oppressive; thus, there was no constitutional violation.
We affirm.
WE CONCUR: SCHINDLER and GROSSE, JJ.