FILED
COURT OF APPEALS
DIVISION II

2014 JUL -1 AM 8: 48

STATE OF WASHINGTON
BY_____
DEPUTY

**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

**DIVISION II**

| | |
|---|---|
| STATE OF WASHINGTON, | No. 44099-7-II |
| Respondent, | |
| v. | UNPUBLISHED OPINION |
| EDWIN MICHAEL HILL, | |
| Appellant. | |

BJORGEN, A.C.J. — Following a bench trial, the trial court found Edwin Michael Hill guilty of failure to register as a sex offender. Hill appeals his conviction, asserting that the trial court violated his right to effective assistance of counsel by denying his counsel's motion to withdraw from representation based upon a conflict of interest. Because Hill cannot demonstrate that his counsel had an actual conflict of interest that adversely affected counsel's trial performance, we affirm.

## FACTS

On February 9, 2012, the State charged Hill with failure to register as a sex offender. Before trial, Hill's defense counsel filed a motion to withdraw, asserting that he had an actual conflict of interest because he was also representing Andrew Alston, one of the State's witnesses, on two unrelated criminal matters. Specifically, Hill's defense counsel told the trial court:

> The situation is, there is an actual conflict. The concern, though, I can't speak to the substance in part because of client confidence and also because without the testimony, it's kind of hard to say. There is the strong potential that during examination of Mr. Alston, somebody I represent, information I have in my representation of him could be beneficial to Mr. Hill and detrimental to Mr. Alston, putting me in a direct conflict, having to withdraw from both parties.

Report of Proceedings (RP) at 2. The State opposed defense counsel's withdrawal motion, proposing that the trial court appoint a second attorney for Hill who could cross examine Alston.

No. 44099-7-II

The trial court agreed with the State and appointed Hill a second attorney to cross examine

Alston. At the conclusion of the bench trial, the trial court found Hill guilty of failure to register

as a sex offender and later entered the following unchallenged findings of fact and conclusions of

law:

**Findings of Fact**

1. On May 31, 2011, based upon a previous conviction for a sex offense, the Defendant registered with the Cowlitz County Sheriff's Office (CCSO) his home address as 1316 11th Ave Apt #1, Longview Washington. The apartment is part of the Hudson Hotel Annex. The Defendant informed CCSO that he would be living with Andrew Alston.

2. The Hudson Hotel Annex is more akin to a hotel rather than a traditional apartment complex.

3. Apt #1 is a studio apartment that is furnished with a bunk bed and a couch. Mr. Alston was the only resident of Apt #1 that had a rental agreement with the Hudson Hotel. The Defendant did not have a key to Apt #1.

4. On June 22, 2011, Longview Police Department Sergeant John Reeves went to 1316 11th Ave Apt #1 to verify the Defendant's address. Sgt. Reeves was unable to make contact with the Defendant. Sgt. Reeves contacted Mr. Alston, who indicated that the Defendant was out looking for employment.

5. On June 28, 2011, Longview Police Department Investigator Olga Lozano went to 1316 11th Ave Apt #1 to verify the Defendant's address. Inspector Lozano was unable to make contact with the Defendant or Mr. Alston. Inspector Lozano left a business card at the Defendant's residence that instructed the Defendant to call her. Inspector Lozano was not contacted by the Defendant.

6. On July 12, 2011, Inspector Lozano went to 1316 11th Ave Apt #1 to verify the Defendant's address. Inspector Lozano was unable to make contact with the Defendant. Inspector Lozano made contact with Mr. Alston, who indicated the Defendant was out looking for employment.

7. On August 15, 2011, Inspector Lozano made contact with Juanita Stewart, an employee of the Hudson Hotel. Ms. Stewart informed inspector Lozano that the Defendant had not entered into any rental agreements with the Hudson Hotel Annex.

8. On August 26, 2011, Mr. Alston and the Defendant moved from Apt #1 to Apt #4. The Defendant did not inform CCSO of his new residence address.

9. Apt #4 is a studio apartment that is furnished with a single bed and a couch. Mr. Alston slept on the bed. The Defendant slept on the couch, which contained a pull-out bed. The Defendant did not have a key to Apt #4.

10. On October 11, 2011, Mr. Alston vacated Apt #4 and moved to an address in Kelso, Washington. The Defendant did not move to Kelso with Mr. Alston. The Defendant did not enter into a rental agreement with the Hudson Hotel.

2

No. 44099-7-II

11. On December 29, 2011, Inspector Lozano requested a bench warrant be issued for the Defendant's arrest. In April 2012, the Defendant was arrested in Tigard, Oregon on the bench warrant. The Defendant was released from custody in June, 2012. Upon his release, the Defendant registered with CCSO an address in Tigard, Oregon.

**Conclusions of Law**

1. The Defendant was required to register as a sex offender.
2. Between May 31, 2011 and December 29, 2011, the Defendant was registered as a sex offender with the Cowlitz County Sheriff's Office.
3. The Defendant resided at 1316 11th Ave Apt #1, Longview, Washington, which is the address the Defendant registered with the Cowlitz County Sheriff's Office.
4. To establish a "residence," a person merely needs to show intent to make it their home. It is not an unreasonable circumstance that the Defendant was not at his residence for a few weeks while looking for employment.
5. On October 11, 2011, when Mr. Alston vacated Apt #4, the Defendant could not have continued to reside at the Hudson Hotel Annex. The Defendant had not entered into a rental agreement nor did he have a key to Apt #4.
6. The Defendant failed to notify the Cowlitz County Sheriff's Office within three business days after moving from 1316 11th Ave, Longview, Washington.
7. The Defendant is guilty of failing to register as a sex offender.

Clerk's Papers (CP) at 23-25. Hill timely appeals his conviction.

ANALYSIS

Hill contends that the trial court's denial of his counsel's motion to withdraw from representation denied his constitutional right to effective assistance of counsel. Because Hill cannot show on this record that his counsel had an actual conflict of interest that adversely affected his counsel's performance, we disagree and affirm Hill's conviction.

We review ineffective assistance of counsel claims de novo. *State v. White*, 80 Wn. App. 406, 410, 907 P.2d 310 (1995). The Sixth Amendment to the United States Constitution and article I, section 22 of the Washington State Constitution provide criminal defendants with the right to effective assistance of counsel. U.S. CONST. amend VI; WASH. CONST. art I, § 22; *State v. Kolesnik*, 146 Wn. App. 790, 800, 192 P.3d 937 (2008). This right includes the right to

3

assistance of an attorney free from conflicts of interest in the case. *State v. Dhaliwal*, 150 Wn.2d 559, 566, 79 P.3d 432 (2003) (citing *Wood v. Georgia*, 450 U.S. 261, 271, 101 S. Ct. 1097, 67 L. Ed. 2d 220 (1981)).

To prevail on his ineffective assistance claim, Hill has the burden to show that his defense counsel had an actual conflict of interest adversely affecting counsel's performance. *Dhaliwal*, 150 Wn.2d at 573. An actual conflict of interest means "'a conflict *that affected counsel's performance*—as opposed to a mere theoretical division of loyalties.'" *Dhaliwal*, 150 Wn.2d at 570 (quoting *Mickens v. Taylor*, 535 U.S. 162, 171, 122 S. Ct. 1237, 152 L. Ed. 2d 291 (2002)). The mere potential for a conflict of interest affecting counsel's performance is insufficient to warrant reversal of a defendant's conviction. *Dhaliwal*, 150 Wn.2d at 573. "'[U]ntil a defendant shows that his counsel *actively* represented conflicting interests, he has not established the constitutional predicate for his claim of ineffective assistance.'" *Dhaliwal*, 150 Wn.2d at 571 n. 8 (quoting *Cuyler v. Sullivan*, 446 U.S. 335, 350, 100 S. Ct. 1708, 64 L. Ed. 2d 333 (1980)).

Hill contends that his defense counsel demonstrated an actual conflict of interest through his representation of Alston on two unrelated criminal matters. But a defense counsel's representation of a witness adverse to the defendant, alone, is insufficient to demonstrate an actual conflict of interest warranting withdrawal from representation. For example, in *State v. Ramos*, 83 Wn. App. 622, 632, 922 P.2d 193 (1996), Division One of our court held that the trial court erred in finding that defense counsel had an actual conflict of interest necessitating counsel's withdrawal from representation. In so holding, the *Ramos* court reasoned that the defendant had failed to present any evidence that defense counsel's cross examination of a

State's witness would involve an inquiry into information gained by defense counsel through its prior representation of the witness. 83 Wn. App. at 632. Similarly in *State v. Hunsaker*, 74 Wn. App. 38, 48, 873 P.2d 540 (1994), Division One of our court reversed a trial court's finding of an actual conflict of interest, reasoning that the defendant had failed to present any evidence that cross examination of a State's witness would involve the use of information acquired during counsel's prior representation of the witness. *See also State v. Anderson*, 42 Wn. App. 659, 713 P.2d 145 (1986) (no actual conflict of interest existed where defense counsel had previously represented a State's witness).

As in *Ramos* and *Hunsaker*, Hill did not present any evidence that his defense counsel's cross examination of Alston would involve the use of information gained by way of counsel's representation of Alston. Here, Hill's defense counsel submitted a motion to withdraw that stated:

> 2. This office has a conflict regarding the above-named Defendant, and I make a request to withdraw as Attorney of Record. During review of the reports in preparation for trial, counsel noticed that the [State's] named witness is a current client in two matters.
> 3. Due to the nature of the charge in the present case and the scope of the representation of the [State's] named witness counsel believes that an actual conflict exists requiring withdrawal in the present case.

CP at 18. Then, at a hearing on the motion to withdraw, defense counsel stated, "There is the strong *potential* that during examination of Mr. Alston, somebody I represent, information I have in my representation of him *could* be beneficial to Mr. Hill and detrimental to Mr. Alston, putting me in a direct conflict, having to withdraw from both parties." RP at 2 (emphasis added). At best, these statements demonstrate a possible conflict of interest that could have arisen through defense counsel's cross examination of Alston, but are insufficient to show an actual

conflict of interest precluding counsel's effective representation of Hill.[1] *Dhaliwal*, 150 Wn.2d at 573. Moreover, the trial court eliminated this potential conflict of interest by appointing a second attorney to cross examine Alston.[2] Our Supreme Court has held that even where a defendant has demonstrated the possibility that his attorney was representing conflicting interests, the defendant fails to establish an actual conflict if he cannot show that a conflict of interest adversely affected counsel's trial performance. *Dhaliwal*, 150 Wn.2d at 573. Because Hill cannot make this requisite showing, his ineffective assistance of counsel claim fails.

---

[1] This case is thus distinguishable from *State v. MacDonald*, 122 Wn. App. 804, 95 P.3d 1248 (2004). In *MacDonald*, we reversed the defendant's convictions based on the State's failure to disclose material evidence to the defense and on the State's improper closing argument. 122 Wn. App. at 809-12. We also determined that the trial court had properly disqualified the defendant's attorney based on a conflict of interest created by the attorney's representation of the victim's mother in a marital dissolution case. *MacDonald*, 122 Wn. App. at 813-14. In upholding the trial court's disqualification of counsel, we noted that defense counsel had received confidential information about the victim that was relevant to the victim's credibility and her accusations against the defendant, and that the victim's testimony was the sole evidence of the defendant's guilt. *MacDonald*, 122 Wn. App. at 813-14. Unlike in *MacDonald*, here defense counsel showed only a potential conflict of interest based on counsel's representation of a State's witness, and the record contains no evidence that defense counsel received confidential information about the State's witness that was relevant to the witness's credibility or to the defendant's guilt.

[2] Hill argues that the trial court's appointment of a second attorney to cross-examine Alston was insufficient to remedy any potential conflicts of interest because Hill's second attorney did not participate in closing arguments. This argument fails to acknowledge that an attorney's closing argument must be based on facts in evidence and the reasonable inferences that could be drawn from the facts in evidence. *See, e.g., State v. Boehning*, 127 Wn. App. 511, 519, 111 P.3d 899 (2005). As Hill's primary defense counsel was present during secondary counsel's cross-examination of Alston, there was nothing preventing Hill's primary counsel from "effectively using the fruits of [Alston's] cross-examination" during closing argument. Br. of Appellant at 14.

No. 44099-7-II

Accordingly, we affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Bjorgen, A.C.J.

We concur:

Hunt, J.

Lee, J.

7